## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **AUTOMATED FACILITIES** | ) | |
| **MANAGEMENT CORPORATION and** | ) | |
| **TANGOPOINT.COM, INC.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **8:08CV502** |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **TISCOR,** | ) | |
| **A Division of Brady Worldwide, Inc. and** | ) | |
| **DPSI,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court sua sponte and pursuant to NECivR 41.1, which states in pertinent part: "The court may at any time dismiss an action for lack of prosecution when it appears it is not being prosecuted with reasonable diligence." Further, Fed. R. Civ. P. 4(m) establishes a 120-day time limit for service of process on the defendant in a civil case, absent a showing of good cause.

In this case the complaint was filed on November 13, 2008.  **See** Filing No. 1. Accordingly, the deadline for service of process expired **on or about March 13, 2009**. Summonses have been issued in this case and one of the defendants, DPSI, has entered an appearance.  However, there is no proof of service of process on Tiscor.  Therefore, the plaintiff must make a showing of good cause for the failure of service or the action must be dismissed as against the defendant Tiscor.  Upon consideration,

**IT IS ORDERED:**

The plaintiff shall show cause why this case should not be dismissed as against Tiscor for failure to prosecute.  The showing of cause shall be filed electronically on or before the close of business **on April 8, 2009**.

Dated this 26th day of March, 2009.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge