IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUTOMATED FACILITIES MANAGEMENT CORPORATION and TANGOPOINT.COM, INC.<br><br>Plaintiffs,<br><br>v.<br><br>DPSI, IBM CORPORATION and INFOR GLOBAL SOLUTIONS<br><br>Defendants. | No. 8:08-cv-00502-JFB-TDT |

## BRIEF IN SUPPORT OF MOTION TO DISMISS
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(4)

In their Summons and Amended Complaint, Automated Facilities Management Corporation and TangoPoint.com, Inc. ("Plaintiffs") have named "Infor Global Solutions" as a defendant. Infor Global Solutions (Michigan), Inc. ("IGSM") hereby makes a special appearance to respond to the Summons and Amended Complaint with this Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(4) based on insufficient process. This is a classic misnomer case: the named defendant "Infor Global Solutions" does not exist.

### FACTS

On June 9, 2009, IGSM received a Summons in a Civil Action and Amended Complaint. [See Index of Evidence Ex. 1.A, Summons in a Civil Action and Amended Complaint ("Am. Compl.")]. The Amended Complaint alleges that Infor Global Solutions is "a corporation existing under the laws of the state of Georgia and having a principle [sic] place of business at: 13560 Morris Road, Suite 4100, Alpharetta, Georgia 30004." [Index of Evidence, Ex. 1.A, Am.

1

Compl. ¶ 7]. The Amended Complaint further alleges that the identified defendant Infor Global Solutions "manufactures, uses, offers for sale or license, and sells and/or licenses a system/software for managing operational facilities referred to as 'Infor Facilities Management Essentials' and/or 'Datastream 7i' and/or 'Infor EAM Enterprise Edition' and/or 'Infor EAM Business Edition' and/or 'EAM Asset Sustainability Edition' and/or 'Infor MP2.'" [Index of Evidence, Ex. 1.A , Am. Compl. ¶ 14]. Ultimately, the Amended Complaint alleges that these acts constitute infringement of United States patent number 6,993,576 (the "'576 patent") for which Plaintiffs have standing to sue. [Index of Evidence, Ex. 1.A, Am. Compl. ¶ 30-35].

There is no corporation existing under the laws of the state of Georgia having the name Infor Global Solutions. IGSM, however, is one of at least nine related corporations that exist or have existed under the laws of the state of Georgia with the terms "Infor Global Solutions" within its corporate name. [See Index of Evidence, Ex. 1.B, Georgia Secretary of State search results]. No less than seven of these Georgia corporations have a principal place of business at 13560 Morris Road, Suite 4100, Alpharetta, Georgia 30004. [See Index of Evidence, Ex. 1.C, Georgia Secretary of State search results]. Further, at least thirteen related corporations exist or have existed under the laws of the state of Delaware with the terms "Infor Global Solutions" within their corporate names. [See Index of Evidence, Ex. 1.D, Delaware Secretary of State search results].

## ARGUMENT

Insufficient process is a defense to a claim for relief. Fed. R. Civ. P. 12(b)(4). A defendant corporation has "the right to be accurately named in the process and pleadings of the court; and misnomer [is] properly raised by motion to dismiss." Roberts v. Michaels, 219 F.3d 775, 778 (8th Cir. 2000) (citing United States v. A.H. Fischer Lumber Co., 162 F.2d 872, 873-74

(4th Cir. 1947)). "This misnomer principle is most obviously appropriate in cases where the plaintiff has sued a corporation but misnamed it." Roberts, 219 F.3d at 778. "Rule 12(b)(4) is the proper challenge when it is alleged that the Summons and Complaint do not properly name the party on whom the Summons and Complaint is served." Int'l Fire and Safety, Inc. v. HC Services, Inc., et al., Civ. No. 2:06-cv-63-KS-MTP, at 2 (D. Miss. Aug. 18, 2006). See also Haley v. Simmons, 529 F.2d 78, 79 (8th Cir. 1976) ("where service is ineffective . . . the court has discretion to either dismiss the action, or quash service but retain the case"); Wright & Miller, Federal Practice and Procedure: Civil 3d § 1353 at 335 (2004) (noting that the form of the process can be challenged under Rule 12(b)(4) when the summons does not properly contain the names of the parties).

In their Amended Complaint, Plaintiffs have attempted to sue a trade name that is used by various related corporations. However, Plaintiffs have not identified the proper name of any particular entity as Plaintiffs are obligated to do so by Federal Rule of Civil Procedure 4. It is not clear if Plaintiffs have attempted to allege that the '576 patent has been infringed by IGSM, or by any of IGSM's related companies, or by any combination of these entities. To allow the case to proceed notwithstanding this misnomer would create undue prejudice for IGSM and/or its related entities, as it is not possible for any of these entities to properly evaluate the merits of the claims, respond to the allegations in the Amended Complaint, and assess the potential exposure to liability. Accordingly, Plaintiffs' claim must be dismissed or service must be quashed.

## CONCLUSION

Based upon the foregoing, IGSM respectfully requests that the Court enter an Order dismissing Plaintiffs' claims as they may pertain to IGSM or its related entities. In the alternative, IGSM requests that service to "Infor Global Solutions" be quashed.

Dated: July 27, 2009

Respectfully submitted,

s/Michael S. Degan
Michael S. Degan (NE #20372)
Christopher M. Bikus (NE #20951)
HUSCH BLACKWELL SANDERS LLP
1620 Dodge Street, Suite 2100
Omaha, NE  68102
Telephone:  (402) 964-5000
Facsimile:  (402) 964-5050
mike.degan@huschblackwell.com
chris.bikus@huschblackwell.com
ATTORNEYS FOR INFOR GLOBAL
SOLUTIONS (MICHIGAN), INC.

**OF COUNSEL FOR**
**INFOR GLOBAL SOLUTIONS (MICHIGAN), INC.**
Alfred W. Zaher
   Pa. Bar No. 73,814
   zaher@blankrome.com
Bruce D. George
   Pa. Bar No. 84,320
   george@blankrome.com
John Paul Oleksiuk
   Pa. Bar No. 208,021
   oleksiuk@blankrome.com
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
Phone:  (215) 569-5500
Fax:  (215) 569-5555

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of July, 2009, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

>Joseph J. Zito: joe@zitotlp.com
>Amber Furbee: amber.furbee@kutakrock.com
>James M. Sulentic: james.sulentic@kutakrock.com
>John P. Passarelli: john.passarelli@kutakrock.com

I further hereby certify that I also mailed, via U.S. mail, postage pre-paid the above and foregoing to the following:

Donald J. Curry
Jessica Hiney
Marc J. Pensabene
Thomas Gabriel
Fitzpatrick, Cella Law Firm
30 Rockefeller Plaza
New York, NY 10112

s/ Michael S. Degan