IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AUTOMATED FACILITIES MANAGEMENT CORPORATION and TANGOPOINT.COM, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | 8:08CV502 |
| vs. | ) ) | ORDER |
| DPSI and IBM CORPORATION, | ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the defendant, IBM Corporation's (IBM), Motion to Compel (Filing No. 78). The defendant filed a brief (Filing No. 79) and index of exhibits (Filing No. 80) in support of the motion. The plaintiff filed a brief and exhibits in opposition to the motion (Filing No. 86). The defendant filed a reply brief (Filing No. 87) in support of its motion.

## BACKGROUND

This matter arises from a complaint for patent infringement. Filing No. 1 - Complaint. The plaintiff, Automated Facilities Management Corporation (AFMC), is the exclusive licensee of United States Letters Patent 6,993,576 (the Patent) by license from TangoPoint.com (TangoPoint). Filing No. 1, ¶ 3. TangoPoint developed a patented system and method for managing the maintenance of building facilities. **Id.** TangoPoint owns the Patent by assignment from the inventors, Frank Labedz and Srinivas Gaddam. **Id.**

The original complaint named DPSI and Tiscor as defendants, however, Tiscor was removed as a party by the filing of an Amended Complaint. See Filing No. 1- Complaint, and Filing No. 23 - Amended Complaint. On May 15, 2009, the plaintiffs filed an Amended Complaint (Filing No. 23) naming DPSI, IBM, and Infor Global Solutions as defendants. According to the Amended Complaint, AFMC is a corporation doing business in Austin, Texas. Filing No. 23, ¶ 3. TangoPoint is a Delaware corporation doing business in

Omaha, Nebraska.  **Id.** at ¶ 4.  Defendant DPSI is a corporation doing business in Greensboro, North Carolina.  Defendant IBM is a corporation doing business Armonk, New York.  **Id.** at ¶ 6.  Defendant Infor Global Solutions (Infor) is a corporation doing business in Alpharetta, Georgia.  **Id.** at ¶ 7.  On September 10, 2009, the court entered an Order dismissing Infor from this lawsuit.  **See** Filing No. 66 - Order.

The Patent was filed as a patent application on June 13, 2000, and a patent was issued on January 31, 2006, entitled "System and Method for Managing Maintenance of Building Facilities" (6,993,576).  Filing No. 23, ¶ 8.  The Patent has fifteen claims including those for defining the systems for managing operational facilities.  **Id.** at ¶¶ 11-12.  DPSI sells and/or licenses a system/software for managing operational facilities called "iMaint" "iMaint Mobile" and/or "CAM" (herein referred to collectively as "iMaint").  **Id.** at ¶ 12.  Similarly, IBM sells and/or licences a system/software for managing operational facilities referred to as "Tivoli IBM Maximo" or "Maximo" (referred to as Maximo herein).  **Id.** at ¶ 13.  According to the complaint, the iMaint and Maximo software systems have all the elements of the claims of the Patent including: the utilization of predefined events to carry out management operations for facilities, a server, a client, a clearinghouse, a job site set-up event, a database, a contact-setup event, a vendor-setup event, an inspection-setup event, and a special actions-setup event.  **Id.** at ¶¶ 12, 13.

The plaintiffs claim DPSI and IBM have continued to infringe on the use of the Patent.  **See** Filing No. 23 - Amended Complaint.  "DPSI's [and IBM's] infringement is direct by providing infringing systems that are specifically made for use in an infringing system that are not staple articles of commerce suitable for substantial non-infringing use.  DPSI [and IBM] also actively induces infringement of the [Patent] by others."  **Id.** at ¶¶ 21, 27.  The plaintiffs are seeking damages sustained as a result of the defendants' infringing acts to include a reasonable royalty.  **Id.** at ¶ 22.  The plaintiffs prayed the court would hold the defendants to have willfully infringed the Patent; to enjoin the defendants and their agents from directly or indirectly continuing to infringe the Patent; to require the defendants to deliver any software or system showing to infringe the plaintiffs' Patent; and to award further damages as requested.  **Id.** at ¶¶ 36-46.

On February 17, 2010, defendant IBM filed the instant motion (Filing No. 78) to compel the plaintiffs, AFMC and TangoPoint, to produce documents falling into certain categories (marketing, research and development, operation of the product, persons involved, sale and commercialization of the product, profitability, number sold, customer lists, and proposed transfer rights), all of which are set forth in detail in the defendant's motion. Filing No. 78, ¶¶ 1-10. In its brief in support of the motion, IBM states the plaintiffs have failed to produce a single page of discovery beyond that which was produced in prior litigation.[1]

On November 23, 2009, IBM served its First Set of Document Requests on plaintiffs. Filing No. 79, p. 2. Pursuant to Federal Rule of Civil Procedure 34, the deadline for plaintiffs' response was Monday, December 28, 2009. **Id.** at 3. When the plaintiffs failed to respond to the document request, IBM notified the plaintiffs of the lapse and requested they promptly serve responses. **Id.** The plaintiffs requested an extension until January 15, 2010, in which to respond, to which IBM agreed. **Id**. Plaintiffs served IBM with responses to the first set of interrogatories on January 15, 2010; however, the plaintiffs again provided no response to IBM's request for documents. **Id.** at 3-4. The email that accompanied plaintiffs' interrogatory responses indicated they would be sending documents on the following Monday. **Id.** at 4. On January 16, 2010, IBM notified the plaintiffs their document responses were delinquent. **Id**. The plaintiffs made no response. **Id.** On January 28, 2010, IBM again wrote to plaintiffs, this time specifically identifying certain categories of documents which were absent from plaintiffs' limited production in the prior litigation. **Id**. Plaintiffs again made no response. **Id.** On February 16, 2010, counsel for IBM left a detailed voice mail message for plaintiffs' counsel. **Id.** As of the date of the filing of this motion, plaintiffs had yet to respond to IBM's numerous requests for documents. **Id**. IBM argues the identified documents are all clearly probative of the issues in the case, including patent invalidity, damages, and plaintiffs' standing to bring suit. **Id**. at 5. The plaintiffs'

---

[1] Plaintiff AFMC filed this patent infringement suit against IBM in Texas in August, 2007. When IBM challenged AMFC's standing to bring suit by way of a motion to dismiss, AFMC did not oppose the motion but instead re-filed the case in Nebraska, joining TangoPoint as a co-plaintiff. In accordance with the local rules, plaintiffs provided a limited production of less than 900 documents to IBM in the prior litigation, omitting many categories of key documents. **See** Filing No. 79 - Brief, fn. 1 & 2.

refusal to respond has impeded IBM's ability to develop and defend its case.  **Id.** Accordingly, IBM asks the court to compel plaintiffs to produce the requested documents. **Id.**

On March 15, 2010, the plaintiffs filed a response in opposition to IBM's motion to compel.  Filing No. 86.  Plaintiffs claim the documents requested "have already been produced or do not exist."  **Id**. at 1.  Plaintiffs' counsel provided a letter to IBM's counsel, dated February 2, 2010, in which the plaintiffs stated the certain documents were either produced, unavailable, or not relevant.  **Id**. at 1-4.  Plaintiffs rely on the documents produced in the prior litigation as the initial disclosures in the present litigation.  **Id.** at 4.

In a reply brief in support of its motion to compel, IBM argued the plaintiffs have provided no basis for their objections, and further, IBM is aware of numerous specific documents falling within the scope of its request that have yet to be produced.  **See** Filing No. 87, p. 1-2.  Examples include executable and source codes for plaintiffs' commercial TangoPoint products; documents regarding the number of TangoPoint products sold including manufacturing costs and revenues received; and communications with other licensees, among other things.  **Id**. at 2.  Further, IBM notes the plaintiffs continue to market the TangoPoint product on the internet as being covered by the Patent, which further decreases the credibility of plaintiffs in stating all responsive documents have been produced.  **Id.**   The plaintiffs have produced no privilege or work product log as to any documents, or provided any basis for claims that some of the documents may be excludable for those reasons.  **Id**. at 2, fn. 1.  Further, IBM argues plaintiffs have waived any objection to the document requests by failing to serve any written response from the initial request four months ago.  **Id.** at 3.  Finally, IBM notes that in addition to being relevant to the invention of the Patent, the requested discovery is also highly relevant to the commercial relationship between the parties, the availability of non-infringing alternatives, and use of the claimed invention by the patentee, among other things.  **Id.** at 4. Documents concerning actual or contemplated transfers of rights under the Patent are directly relevant to damages and validity of the suit.  **Id.**  Therefore, IBM finds plaintiffs' relevancy objection without merit and renewed its request for the court to compel production of the requested documents.

## ANALYSIS

With regard to production of documents and things, Federal Rule of Civil Procedure 34 provides:

> The party upon whom the request is served shall serve a written response within 30 days after the service of the request. . . . The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.

Fed. R. Civ. P. 34(b). This rule allows a party to serve any other party with a request to produce and permit the requesting party or its representative to inspect or copy designated documents or electronically stored information "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1)(A). The request "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). "For each item or category [requested], the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). The response must be in writing within 30 days of the service of the request. Fed. R. Civ. P. 34(b)(2)(A).

Here, the plaintiffs were first served with a request for production of documents on November 23, 2009. Responses were due December 28, 2009. Counsel for IBM contacted the plaintiffs' counsel regarding the outstanding discovery and agreed to extend the deadline to January 15, 2010. Plaintiffs responded with responses to interrogatories, but did not provide documents at that time, indicating the documents would follow a few days later. On January 16, 2010, IBM notified plaintiffs their discovery responses were delinquent. On January 28, 2010, IBM again contacted plaintiffs regarding the absent documents. Finally, on February 16, 2010, counsel for IBM contacted plaintiffs' counsel via voice mail. Plaintiffs have yet to respond to IBM'S numerous requests for documents, except for a brief letter dated February 2, 2010, in which the plaintiffs stated certain documents were either produced, unavailable, or not relevant. The plaintiffs made no

objection to production and failed to show the request was unduly burdensome. The plaintiffs were required to respond to the document request within thirty days, but failed to do so. Providing some documents in a prior litigation does not satisfy requirement to provide responsive documents in the current litigation. Based on the foregoing, and the plaintiffs' lack of response to the First Set of Document Requests, the court finds the motion to compel should be granted.

Fed. R. Civ. P. 37(a)(4)(A) provides:

> If the motion [to compel] is granted . . . the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds . . . that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A). "A district court has wide latitude in imposing sanctions for failure to comply with discovery[.]" *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). Where the producing party's actions necessitate the motion to compel, or where the objections and failure to respond are not substantially justified, an award of sanctions is appropriate. *Starcher v. Corr. Med. Sys., Inc.*, 144 F.3d 418, 421-22 (6th Cir. 1998). Further, a party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that his position is substantially justified. *Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994). "[A] party may not avoid sanctions merely by producing the documents after a motion has been filed." *Illinois Tool Works, Inc. v. Metro Mark Prods., Ltd.*, 43 F. Supp. 2d 951, 960 (N.D. Ill. 1999). "To allow a party to avoid sanctions by such a contrivance would defeat the purpose of the rules, which is to promote voluntary discovery without the need for motion practice." *Id.* at 960. Furthermore, "[u]ltimate production of the material in question does not absolve a party where it has failed to produce the material in a timely fashion." *Id.*

The plaintiffs disregarded their duty under the rules and failed to provide timely responses to discovery. The plaintiffs' failure to provide discovery responses required the defendant to file a motion to compel. The plaintiffs have failed to provide any justification

for the failure to respond. The plaintiffs' conduct caused unnecessary expense, delay, and court intervention. Plaintiffs shall be given an opportunity to show cause why sanctions should not be imposed in this matter. Upon consideration,

**IT IS ORDERED:**

1. IBM's Motion to Compel (Filing No. 78) is granted. Plaintiffs shall have until **on or before April 19, 2010**, to respond to the IBM's First Set of Document Requests.

2. The plaintiffs shall show cause why sanctions should not be imposed pursuant to Fed. R. Civ. P. 37(a)(4)(A). Plaintiffs' response is due **on or before April 26, 2010**.

**ADMONITION**

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely appeal may constitute a waiver of any objection to the Order. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 31st day of March, 2010.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.