IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUTOMATED FACILITIES MANAGEMENT CORPORATION and TANGOPOINT.COM, INC., ) ) ) ) | |
| Plaintiffs, ) ) | 8:08CV502 |
| vs. ) ) | ORDER |
| DPSI and IBM CORPORATION, ) ) | |
| Defendants. ) | |

This matter is before the court on the plaintiffs' response (Filing No. 95) to the court's March 31, 2010, Order (Filing No. 90) requiring the plaintiffs to show cause why sanctions should not be award against them. On March 31, 2010, the court granted the defendant IBM Corporation's motion to compel discovery (Filing No. 78) related to the plaintiffs' patent infringement lawsuit.[1] IBM filed a brief (Filing No. 103) and an index of evidence (Filing No. 104) in opposition to the plaintiffs' response.

**BACKGROUND**

This matter arises from a complaint for patent infringement filed on November 13, 2008. Filing No. 1 - Complaint. On February 17, 2010, IBM filed a motion to compel after the plaintiffs failed to formally respond to Requests for Production of documents. **See** Filing No. 78 - Motion ¶¶ 1-10. After several extensions of the deadline to respond to discovery requests and a general failure to communicate with IBM about the discovery, the plaintiffs stated the requested documents "have already been produced or do not exist." **See** Filing No. 86 - Plaintiffs' Brief in Response to Motion to Compel p. 1. The plaintiffs relied, in part, on discovery produced during prior litigation and as the initial disclosures for

---

[1] On April 16, 2010, the plaintiffs objected to the March 31, 2010, Order. **See** Filing No. 96. However, on June 23, 2010, Chief Judge Joseph F. Bataillon overruled the plaintiffs' objection. **See** Filing No. 110. The plaintiffs' response to the order to show cause is now ready for resolution.

this lawsuit.[2] *Id.* at 4. Further, the plaintiffs indicated the requested documents were either produced, unavailable, or not relevant. *Id.* at 1-4.

On March 31, 2010, the court granted IBM's motion to compel, holding the plaintiffs made no objection to production and failed to show the request was unduly burdensome. **See** Filing No. 90. In response to the order, the plaintiffs no longer dispute production of the documents; however the plaintiffs deny sanctions are appropriate. **See** Filing No. 95. Specifically, the plaintiffs argue IBM misrepresented the facts, which the court relied upon. *Id.* at 1. The plaintiffs state actual sales invoices were the only documents in dispute as of February 2010. *Id.* at 1-2. Further, the plaintiffs assert they believed the dispute was resolved after the plaintiffs explained the irrelevance of the documents to IBM. *Id.* at 2. The plaintiffs state they will produce additional documents. *Id.* at 3. The plaintiffs argue sanctions are not appropriate due to IBM's misrepresentation of the communications between counsel prior to IBM filing the motion to compel. IBM maintains the plaintiffs failed to respond to a January letter and a February voice mail regarding the deficient discovery responses, including but not limited to the invoices, prior to IBM filing the motion to compel. **See** Filing No. 103 - Brief p. 2-5. Additionally, IBM argues the instant discovery dispute should be understood in the context of the ongoing and problematic discovery issues between the parties. *Id.* at 6-8. The plaintiffs did not file a reply.

## ANALYSIS

With regard to discovery sanctions, Federal Rule of Civil Procedure 37 provides:

> If the motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

---

[2] The lawsuit was originally filed against IBM in Texas in August, 2007, where limited production occurred. **See** Filing No. 79 - IMB's Brief in Support of Motion to Compel p. 1 n.1 & 2.

> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> > (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

"A district court has wide latitude in imposing sanctions for failure to comply with discovery[.]" *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). Where the producing party's actions necessitate the motion to compel, or where the objections and failure to respond are not substantially justified, an award of sanctions is appropriate. *Starcher v. Corr. Med. Sys., Inc*., 144 F.3d 418, 421-22 (6th Cir. 1998). Further, a party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that his position is substantially justified. *Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994). "[A] party may not avoid sanctions merely by producing the documents after a motion has been filed." *Illinois Tool Works, Inc. v. Metro Mark Prods., Ltd.*, 43 F. Supp. 2d 951, 960 (N.D. Ill. 1999). "To allow a party to avoid sanctions by such a contrivance would defeat the purpose of the rules, which is to promote voluntary discovery without the need for motion practice." *Id.* at 960. Furthermore, "[u]ltimate production of the material in question does not absolve a party where it has failed to produce the material in a timely fashion." *Id.*

The plaintiffs disregarded their duty under the rules and failed to provide timely responses to discovery. The plaintiffs' failure to provide discovery responses required IBM to file a motion to compel. The plaintiffs have failed to show their failure to timely respond was legally and substantially justified. Although the plaintiffs state they assumed the matter had been resolved, at least as to part of the dispute, they fail to show how their ongoing failure to provide a formal or complete response was justified. The plaintiffs' conduct caused unnecessary expense, delay, and court intervention. Furthermore, the court finds the plaintiffs failed to show circumstances exist making an award of expenses unjust. The plaintiffs' failure to timely respond to documents requests required IBM to incur unnecessary costs and expenses which should be bourne by the plaintiffs. Upon consideration,

**IT IS ORDERED:**

1. IBM is awarded reasonable costs and attorney's fees in bringing the February 17, 2010, motion to compel (Filing No. 78).

2. Counsel for the parties shall confer on a reasonable amount to be awarded and, if there is agreement, shall file **on or before July 14, 2010,** a stipulation of the costs and fees to be awarded. In the event the parties fail to reach an agreement, IBM may file **on or before July 16, 2010,** an application for the award of the costs and fees accompanied by an affidavit of such costs and fees, pursuant NECivR 54.3 and NECivR 54.4. The plaintiffs shall have **until on or before July 30, 2010,** to respond to IBM's application. Thereafter, the issue of costs and sanctions will be deemed submitted and a written order entered.

## ADMONITION

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely appeal may constitute a waiver of any objection to the Order. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 30th day of June, 2010.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.